**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| ARMANDO ROJERO, § | |
|     Plaintiff, § | |
| vs. § | |
| § | |
| EL PASO COUNTY, TEXAS, RICHARD WILES, § No.  EP:16-CV-00019-PRM | |
| SHERIFF OF THE EL PASO COUNTY § | |
| SHERIFF'S DEPARTMENT, and UNKNOWN § | |
| DEPUTIES OF THE El PASO COUNTY § | |
| SHERIFF'S DEPARTMENT § | |
|     Defendants. § | |

## *PLAINTIFF'S AMENDED COMPLAINT*

### *Introduction*

1.  This is a complaint for monetary damages brought under the Constitution of the United States of America, the Constitution of the States of Texas, 42 U.S.C. § 1983, State Common Law Claims, and the Texas Tort Claims Act.

2.  Plaintiff brings this action against Defendants seeking redress for violation of his rights under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution and Article 1, Sections 17 and 19 of the Texas Constitution, 42 U.S.C. § 1983, State Common Law Claims, and the Texas Tort Claims Act from his unlawful arrest, and imprisonment by the Defendants, EL PASO COUNTY, TEXAS, RICHARD WILES, SHERIFF OF THE EL PASO COUNTY SHERIFFS DEPARTMENT, and UNKNOWN DEPUTIES OF THE EL PASO COUNTY SHERIFF'S DEPARTMENT

3.  Additionally, Plaintiff brings this action for personal injuries intentional infliction of emotional distress arising from the wrongful arrest, and imprisonment by the Defendants. Plaintiff also brings this action for personal injuries arising from the lack of proper training, lack of adequate

and competent supervision.

### *Jury Demand*

4.  A jury is hereby demanded.

### *Jurisdiction and Venue*

5.  This is a complaint for monetary damages brought under the Constitution of the United States of America, the Constitution of the States of Texas, 42 U.S.C. § 1983, State Common Law Claims, and the Texas Tort Claims Act.

6.  Venue is proper in the Western District of Texas, El Paso Division pursuant to 28 U.S.C. Section 1391(b) as El Paso County, Texas is the county where the Defendants EL PASO COUNTY, TEXAS, RICHARD WILES, SHERIFF OF THE EL PASO COUNTY SHERIFFS DEPARTMENT, and UNKNOWN DEPUTIES OF THE EL PASO COUNTY SHERIFF'S DEPARTMENT operates. Plaintiff, ARMANDO ROJERO is a male citizen of the and a resident of the County of El Paso, El Paso County, Texas. Further, all actions complained of herein occurred within the El Paso County, Texas.

7.  All actions complained of herein occurred within the County of El Paso, El Paso County, Texas. Venue in this county is proper because of the actions and/or conduct of Defendants, which proximately caused the injuries, and damage of Plaintiff, occurred in this county.

8.  At all times relevant herein, defendants had acted under the color of authority of the law of the State of Texas, El Paso County, Texas, Richard Wiles, Sheriff of the El Paso County Sheriff's Department, and Unknown Deputies of the El Paso County Sheriff's Department.

### *Parties*

9.  Plaintiff, ARMANDO ROJERO is a male citizen of the and a resident of the County of El Paso, El Paso County, Texas.

10.     The defendant UNKNOWN DEPUTIES are individuals residing in El Paso County, Texas, who may be served with citation at 500 E. San Antonio, El Paso, Texas.

11.     The Defendant EL PASO COUNTY, TEXAS may be served with process by serving Veronica Escobar, County Judge, at 500 E. San Antonio, El Paso, Texas.

12.     The Defendant, RICHARD WILES, Sheriff of El Paso County, Texas is employed by the EL PASO COUNTY SHERIFF'S DEPARTMENT and may be served with process by serving RICHARD WILES, SHERIFF OF THE EL PASO COUNTY SHERIFF'S DEPARTMENT, at 3850 Justice, El Paso, Texas.

## *Exhaustion of Remedies*

13.     All conditions precedent to the filing of the lawsuit has been met.

## *Factual Allegations*

14.     On or about December 26, 2013, Plaintiff was falsely arrest for an outstanding warrant. However, the outstanding warrant for a different defendant having the same name as Plaintiff. The individual is believed to have stolen Plaintiff's identity. Furthermore, the case in which the warrant had been issued for (Cause No. 20130C06435) had been dismissed on September 27, 2013. The warrant should have been recalled.

15.     Plaintiff protested the arrest as he was not the individual who committed the alleged offense. Plaintiff and the other named individual share the same name of their father. Plaintiff and the individual did not grow up together as both have different mothers. Plaintiff's identity was believed to stolen by this individual. The Sheriff's department arrested Plaintiff knowing that he was not the individual who committed the alleged crime. The Sheriff's department had the individual's mug shot and fingerprints-none which did not match Plaintiff. Plaintiff repeatedly requested for the officers at the jail to verify by using his fingerprints and other identification such as picture photograph, but his

efforts were ignored.

16. Plaintiff was detained in jail unlawfully for several hours until he posted bond.

17. As a result of the negligent, intentional or reckless conduct of Defendants, Plaintiff has suffered and continues to endure a great deal of pain and suffering and mental anguish from the past, during the present and into the future in the amount of a $50,000.00.

## X.
## COUNT ONE
### *Violation of Constitutional Rights*
### *(Claim for Compensatory Damages)*

18. Plaintiff realleges paragraphs 1 - 17 as if fully set forth herein. The unlawful arrest and imprisonment of Plaintiff by Defendants violated the rights of Plaintiff as guaranteed by the Fourth, Fifth, Eight and Fourteenth Amendment to the U.S. Constitution, and the Texas Constitution, for which defendants are liable. Plaintiff is thus entitled to compensatory damages.

## XI.
## COUNT TWO
### Violation of Constitutional Rights
### *(Claim for Exemplary Damages)*

19. Plaintiff realleges paragraphs 1 - 18 as if fully set forth herein. The unlawful arrest, and imprisonment of Plaintiff by the Defendants, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

## XII.
## COUNT THREE
### *Violation of Statutory Civil Rights*
### *(Claim for Damages)*

20. Plaintiff realleges paragraphs 1 - 19 as if fully set forth herein. The unlawful arrest and imprisonment of Plaintiff by the Defendants, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff.

Plaintiff is thus entitled to damages.

### XIII.
### COUNT FOUR
### *Intentional Infliction of Emotional Distress*
### *(Claim for Compensatory Damages)*

21.   Plaintiff realleges paragraphs 1 - 20 as if fully set forth herein.  The Defendants intentional arrest and imprisonment of Plaintiff was in a manner that was extreme, outrageous, and unjustified, and caused Plaintiff to suffer emotional distress for which Defendants are liable.  Plaintiff is thus entitled to compensatory damages.

### XIV.
### COUNT FIVE
### *Intentional Infliction of Emotional Distress*
### *(Claim for Exemplary Damages)*

22.   Plaintiff realleges paragraphs 1 - 21 as if fully set forth herein.  The unlawful arrest, and imprisonment of Plaintiff by the Defendants, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff.  Plaintiff is thus entitled to exemplary damages.

### XV.
### COUNT SIX
### *Intentional Infliction of Emotional Distress*
### *(Claim for Damages)*

23.   Plaintiff realleges paragraphs 1 - 22 as if fully set forth herein.  The unlawful arrest and imprisonment of Plaintiff by the Defendants, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff.  Plaintiff is thus entitled to damages.

### XVI.
### COUNT SEVEN
### *Respondeat Superior Liability*

24.   Plaintiff realleges paragraphs 1 - 23 as if fully set forth herein.  The COUNTY OF EL PASO,

through its agents, expressly authorized its agents or employees to wrongfully arrest and imprison Plaintiff. Plaintiff is thus entitled to exemplary damages against the COUNTY OF EL PASO for the malicious conduct of defendants.

## XVII.
## COUNT EIGHT
### *Respondeat Superior Liability*

25. Plaintiff realleges paragraphs 1 - 24 as if fully set forth herein. The EL PASO SHERIFF'S DEPARTMENT, through its agents, expressly authorized its agents or employees to wrongfully arrest and imprison Plaintiff. Plaintiff is thus entitled to exemplary damages against the EL PASO SHERIFF'S DEPARTMENT for the malicious conduct of defendants.

## XVIII.
## COUNT NINE
### *Respondeat Superior Liability*

26. Plaintiff realleges paragraphs 1 - 25 as if fully set forth herein. The EL PASO SHERIFF'S DEPARTMENT, **CHIEF** RICHARD WILES through its/his agents, expressly authorized its agents or employees to wrongfully arrest and imprison Plaintiff. Plaintiff is thus entitled to exemplary damages against the EL PASO SHERIFF'S DEPARTMENT CHIEF OF POLICE, RICHARD WILES, for the malicious conduct of defendants.

## XIX.
## COUNT TEN
### *Respondeat Superior Liability*

27. Plaintiff realleges paragraphs 1 - 26 as if fully set forth herein. At all times pertinent here to, Defendants, UNKNOWN DEPUTIES (and their agents, assistants, and employees) were acting within the scope of their employment as Deputy Officers for the EL PASO SHERIFF'S Department.

28. The County of El Paso is liable for compensatory damages under the doctrine of respondeat superior for the violation of constitutional rights, intentional or negligent torts of defendants

committed within the scope of their employment.

## XX.
## COUNT ELEVEN
### Negligence

29.     Plaintiff realleges paragraphs 1 - 28 as if fully set forth herein.  The COUNTY OF EL PASO, through its agents, assistants or employees owed a duty to Plaintiff to perform their duties without the need to wrongfully arrest, imprison plaintiff or use excessive force.  Defendants' unlawful arrest, and imprisonment of Plaintiff constitutes as negligence for which Defendants are liable.

30.     As a proximate result of Defendants negligence unlawful arrest and imprisonment, Plaintiff has sustained permanent emotional injuries.  These injuries have caused and will continue to cause Plaintiff pain and suffering, and will severely impact Plaintiff's major life activities.

## XXI.
## COUNT TWELVE
### Negligence

31.     Plaintiff realleges paragraphs 1 - 30 as if fully set forth herein.  The El Paso SHERIFF'S DEPARTMENT (their agents, assistants, or employees) negligent unlawful arrest, and imprisonment of Plaintiff by Defendants was done with willful and wanton indifference to and deliberate disregard for human life and rights of Plaintiff.  Plaintiff is thus entitled to exemplary damages.

32.     At all times pertinent hereto, Defendants, El Paso SHERIFF'S DEPARTMENT (their agents, assistants, or employees) were acting within the scope of their employment as Officers for the El Paso SHERIFF'S DEPARTMENT.

33.     The El Paso SHERIFF'S DEPARTMENT and the County of El Paso are liable for compensatory damages under the doctrine of respondeat superior for the negligence of defendants committed within the scope of their employment.

## XXII.
## COUNT THIRTEEN
### *Negligence*

34. Plaintiff realleges paragraphs 1 - 33 as if fully set forth herein. The negligent unlawful arrest, imprisonment and use of excessive force on Plaintiff by Defendants, UNKNOWN DEPUTIES (and their agents, assistants, and employees) was done with willful and wanton indifference to and deliberate disregard for human life and rights of Plaintiff. Plaintiff is thus entitled to exemplary damages. At all times pertinent hereto, Defendants, UNKNOWN DEPUTIES (their agents, assistants, or employees) were acting within the scope of their employment as Officers for the El Paso SHERIFF'S DEPARTMENT.

35. The El Paso SHERIFF'S DEPARTMENT and the County of El Paso are liable for compensatory damages under the doctrine of respondeat superior for the negligence of defendants committed within the scope of their employment.

## XXIII.
## COUNT FOURTEEN
### *Negligent Implementation of Policy, Training and Supervision*

36. Plaintiff realleges paragraphs 1 - 35 as if fully set forth herein. The El Paso SHERIFF'S DEPARTMENT through its agents, assistants or employees owed a duty to Plaintiff to perform their duties without the need of wrongful arrest and imprisonment without the proper implementation of policy, training and/or supervision.

37. Defendants' unlawful arrest and imprisonment Plaintiff which constitutes as negligence and for which Defendants are liable. Defendants did not use the proper implementation of policy, training and/or supervision.

38. As a proximate result of Defendants negligence, unlawful arrest, and unlawful imprisonment, and non-implementation of proper policy, training and/or supervision, Plaintiff has sustained

injuries. These injuries have caused and will continue to cause Plaintiff pain and suffering and will severely impact on Plaintiff's major life activities.

39. The negligent unlawful arrest and imprisonment by Defendants, El Paso SHERIFF'S DEPARTMENT (their agents, assistants, or employees) were done with willful and wanton indifference to and deliberate disregard for human life and rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

40. At all times pertinent here to, Defendants (their agents, assistants, or employees) were acting within the scope of their employment as Officers for the El Paso SHERIFF'S DEPARTMENT.

41. The El Paso SHERIFF'S DEPARTMENT and the County of El Paso are liable for compensatory damages under the doctrine of respondeat superior for the negligent unlawful arrest, imprisonment, use of excessive force of Plaintiff, and non-implementation of proper policy, training and/or supervision of defendants committed within the scope of their employment.

## XXIV.
## COUNT FIFTEEN
### *Malicious abuse of process and false Imprisonment*

42. Plaintiff realleges paragraphs 1 - 41 as if fully set forth herein. Defendants used the criminal process against Plaintiff in order to unlawfully arrest and imprison Plaintiff. As a proximate result of this malicious abuse of process and unlawful arrest and imprisonment, Plaintiff suffered the damages as aforesaid.

## XXV.
## COUNT SIXTEEN
### *Willful Detention/Confinement*

43. On or about December 26, 2013, Plaintiff was falsely arrest for an outstanding warrant. However, the outstanding warrant for a different defendant having the same name as Plaintiff. The individual is believed to have stolen Plaintiff's identity. Furthermore, the case in which the warrant

had been issued for (Cause No. 20130C06435) had been dismissed on September 27, 2013. The warrant should have been recalled.

44. Plaintiff protested the arrest as he was not the individual who committed the alleged offense. Plaintiff and the other named individual share the same name of their father. Plaintiff and the individual did not grow up together as both have different mothers. Plaintiff's identity was believed to stolen by this individual. The Sheriff's department arrested Plaintiff knowing that he was not the individual who committed the alleged crime. The Sheriff's department had the individual's mug shot and fingerprints-none which did not match Plaintiff. Plaintiff repeatedly requested for the officers at the jail to verify by using his fingerprints and other identification such as picture photograph, but his efforts were ignored.

45. Plaintiff was detained in jail unlawfully for several hours until he posted bond.

## XXVI.
## COUNT SEVENTEEN
### Lack Of Consent

46. From the time the Plaintiff was transported to the ANNEX, the plaintiff advised the deputies that he had never been placed at the ANNEX for any arrest. The deputies told plaintiff their was an alias capias for his arrest. The plaintiff asked the deputies to run his fingerprints and compare them with the one on file associated with his name. The deputies told plaintiff they were not allowed to fingerprint him. This simple requested was denied and thus plaintiff was booked and had to make bail. Plaintiff did not consented to the detention and incarceration.

## XXVII.
## COUNT EIGHTEEN
### Absence Of Justification

47. There was no justification or authority for Defendant(s) to detain the plaintiff or to issue a warrant. Plaintiff was falsely arrest for an outstanding warrant for a different defendant having the

same name as Plaintiff. The individual stole Plaintiff's identity. Furthermore, the case in which the warrant had been issued for (Cause No. 20130C06435) had been dismissed on September 27, 2013.

48. Plaintiff had not committed any criminal offense; he was not in a suspicious place at the time of the arrest; there were no circumstances reasonable indicating that he had committed any crime (felony), disorderly conduct or related offense, breach of the peace, public intoxication, or any other crime of any kind, or that he threatened or was about to do so.

## XXVIII.
## COUNT NINTEEN
### *Actual Damages*

49. As a direct and proximate result of the conduct Defendants describe above, the Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the court, for which he sues in this petition. Specifically, emotion distress, and mental anguish throughout the ordeal described above, the plaintiff felt frightened, humiliated, and embarrassed and suffered severe mental anguish. For months after the incident, he continued to suffer severe mental anguish that interfered with his ability to carry out the day-to-day responsibilities of life and to enjoy life, as a result of the severe mental anguish suffered by the plaintiff. In addition, he suffered damage to his reputation as a result of being incarcerated.

50. In addition, the plaintiff suffered damage to his reputation as a result of being handcuffed and led through the front of his residence like a common criminal in front of other people. He also suffered physical discomfort as a result of being handcuffed, shoved into the squad car, and incarcerated as described above.

## XXIX.
## COUNT TWENTY
### *Exemplary Damages*

51. The conduct of these deputies and/or Sheriff described above were malicious in that they

acted with a specific intent to cause substantial injury to the plaintiff. Defendants were employed in their capacity by the COUNTY OF EL PASO, TEXAS and were acting in the scope of that employment with respect to the conduct described above. Accordingly, the plaintiff requests that exemplary damages be awarded against Defendants.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants and award the following:

1. $100,000.00 in compensatory damages in favor of Plaintiff;

2. $50,000.00 in exemplary damages in favor of Plaintiff;

3. Costs of this action, including reasonable attorney fees to the Plaintiff; and

4. Such other and further relief as the court may deem appropriate.

Respectfully submitted,

*The Law Office of Enrique Lopez*
701 N. St. Vrain St.
El Paso, Texas 79902
Telephone: (915) 351-0595
Facsimile: (915) 534-7207


By:  /s/ Enrique Lopez
     Enrique Lopez
     Texas State Bar No.: 12563530

**Attorney for Plaintiff**

# CERTIFICATE OF SERVICE

This to certify that on February 24, 2016, I electronically filed the foregoing document with the clerk of the court for the United States District Court, Western District of Texas, using the court's electronic case filing system. The electronic case filing system sent a "Notice of Electronic Filing" to Defendant's attorney, Assistant County Attorney KEVIN McCARY.
.

 /s/ Enrique Lopez
Enrique Lopez